# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AISHA PANKEY, | Case No. 2:11-cv-00695-PMP-GWF |
| Plaintiff, | |
| vs. | **ORDER and FINDINGS AND RECOMMENDATION** |
| MUNICIPAL RECORDS, *et. al.*, | |
| Defendants. | Application to Proceed in Forma Pauperis (#1) and Screening of Complaint |

This matter is before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis and Complaint (#1), filed May 2, 2011.

## BACKGROUND

Pursuant to 42 U.S.C. § 1983, Plaintiff claims that her civil rights were violated when an employee at the Clark County Regional Justice Center (1) incorrectly told Plaintiff that her court date had been changed from October 14, 2010, to November 2, 2010, and (2) failed to provide Plaintiff with documentation quashing a bench warrant.

Plaintiff states that she was subsequently arrested on October 17, 2010, and detained until March 16, 2011. Plaintiff alleges that during her incarceration, she suffered "property damage to valuables in storage."

The factual allegations above are nearly identical to the allegations that Plaintiff alleged before Magistrate Judge Robert Johnston, Case No 2:11-cv-00407-JCM-RJJ, with the addition of a claim against Judge Johnston. Plaintiff alleges Judge Johnston violated her civil rights on May 2, 2011, when he refused to hear Plaintiff's case because of a jurisdictional bar. At that hearing, Plaintiff's case was dismissed with leave to amend on or before June 3, 2011. No amended

complaint was filed in that case.  Instead, Plaintiff filed this present Complaint on May 2, 2011 alleging the same factual allegations and violations of her civil rights.

## DISCUSSION

### I.     Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Pankey's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.    Standard for Screening a Complaint

Upon granting a request to proceed in forma pauperis, a court must screen the complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for a failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9

(1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see Papason v. Allain*, 478 U.S. 265, 286 (1986).

Finally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense." *Id.*

### III.   Instant Complaint

Plaintiff has not sued any proper defendants in her complaint brought pursuant to 42 U.S.C. § 1983, nor has she stated any claims for which relief may be granted. Specifically, the complaint states that Plaintiff spoke to an individual at the Clark County Regional Justice Center, and that individual failed to provide Plaintiff with documentation of her changed court date. This employee inaction, as best the Court can decipher, resulted in what Plaintiff alleges is a "rights violation," "falsification of information," "property damage to valuables," and "6 month [sic] of ignorance." To set forth a cognizable § 1983 claim, not only must Plaintiff allege a constitutional deprivation, she must also allege how her right was violated. Plaintiff has not adequately stated how her right was violated.

Plaintiff has failed to properly name a defendant. Specifically, "Municipal Records" is not a proper defendant because departments of local governments are not generally considered "persons" within the meaning of § 1983. Furthermore, even where "Doe" pleading is allowed, the plaintiff must state in the body of the complaint that she is ignorant of the true names of the defendants so named. *Soto v. Bd. of Prison Term*, CIVS062502 RRB DADP, 2007 WL 2947573 (E.D. Cal. Oct.

1  9, 2007). Here, Plaintiff has failed to do so.

2  Accordingly, Plaintiff's complaint must be dismissed. Plaintiff was already given the
3  opportunity to amend her Complaint in Case No 2:11-cv-00407-JCM-RJJ, and she has failed to do
4  so. Instead of amending her Complaint, Plaintiff filed this instant Complaint alleging nearly
5  identical factual allegations and naming Judge Johnston as a Defendant. Because Plaintiff was
6  already given a chance to amend her Complaint to state a claim upon which relief can be granted,
7  and failed to do so, the Court now recommends that Plaintiff's Complaint be dismissed with
8  prejudice.

9  Judges are absolutely immune from damages actions for judicial acts taken within the
10 jurisdiction of their courts. *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976); *Schucker v. Rockwood*,
11 846 F.2d 1202, 1204 (9th Cir. 1988). Plaintiff's claims against Judge Robert Johnston should
12 therefore also be dismissed with prejudice. Accordingly,

13 **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1)
14 is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars
15 ($350.00).

16 **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to
17 conclusion without the necessity of prepayment of any additional fees or costs or the giving of
18 security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the
19 issuance of subpoenas at government expense.

20 **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

21 **RECOMMENDATION**

22 **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with**
23 **prejudice**.

24 **NOTICE**

25 Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in
26 writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held
27 that the courts of appeal may determine that an appeal has been waived due to the failure to file
28 objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

1  held that (1) failure to file objections within the specified time and (2) failure to properly address and
2  brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual
3  issues from the order of the District Court.  *Martinez v. Yist*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*
4  *v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
5        DATED this 10th day of August, 2011.

                                       **GEORGE FOLEY, JR.**
                                       **UNITED STATES MAGISTRATE JUDGE**